THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANDREW VALLES,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES ATT'Y GEN. et al.,<br><br>　　　　　　　　Defendants. | **ORDER**<br><br><br>Case No. 2:22-cv-00595-JNP<br><br>District Judge Jill N. Parrish |

　　　Plaintiff, Andrew Valles, a federal inmate in California, applied to proceed *in forma pauperis* (IFP), *see* 28 U.S.C.S. § 1915 (2022), with his civil-rights complaint, *see* 42 *id*. § 1983. The Court initially granted his application, (ECF No. 1), but now vacates those orders, (ECF Nos. 6, 8), and denies the application.

　　　The *in forma pauperis* statute authorizes a court to let an indigent prisoner file a complaint in federal court without prepaying the filing fee. 28 U.S.C.S. § 1915 (2022). But it also restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. The relevant portion of the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .

*Id.* § 1915(g). "These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by

liability for filing fees.'" *Cosby v. Meadors*, 351 F.2d 1324, 1327 (10th Cir. 2003) (*quoting In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997)).

Plaintiff has filed at least three actions that have been dismissed as frivolous or failing to state a claim. *See Valles v. United States Att'y Gen.,* No. 3:22-CV-1375-TWR-MDD (S.D. Cal. Nov. 18, 2022) (denying "Plaintiff's Motion to Proceed IFP . . . as barred by 28 U.S.C. § 1915(g)"). Section 1915(g) applies here because Plaintiff was a prisoner when filing this case and has filed three or more prior cases or appeals in federal court that were dismissed as frivolous or failing to state a claim. The language of section 1915(g) is mandatory. Thus, a federal prisoner, such as Plaintiff, who falls within the three-strikes provision must prepay the entire filing fee before his claims may proceed.

## ORDER

Plaintiff is ineligible to proceed without prepaying the filing fee here because he has, as an inmate, filed three or more cases or appeals in federal court which have been dismissed as frivolous or failing to state a claim.

**IT IS THEREFORE ORDERED** that:

**(1)** The orders granting Plaintiff's application to proceed IFP are **VACATED**, (ECF Nos. 6, 8), and the IFP application is now **DENIED**, (ECF No. 1).

**(2)** Plaintiff's complaint will be dismissed without further notice unless he pays the entire $350 filing fee within thirty days.

**(3)** Plaintiff's Motion for (Revision of) Order on Request to Proceed Without Prepayment of Filing Fees/In Forma Pauperis is **DENIED**. (ECF No. 9.) Plaintiff's argument here is that he falls under the exception to § 1915(g) in that he "is in under imminent danger of serious physical

injury" because of the requirement (that he attacks in his Complaint) that he register as a sex offender, which he alleges makes him a target of physical violence by other inmates. (ECF No. 9.) This argument was rejected by the United States District Court for the Southern District of California in denying Plaintiff's IFP application in that case. *See Valles v. United States Att'y Gen.,* No. 3:22-CV-1375-TWR-MDD (S.D. Cal. Nov. 18, 2022) ("Because no fair reading of his Complaint [challenging the constitutionality of the sex offender registration statute, 18 U.S.C.S. § 2250 (2022)] suggests any imminent danger fairly traceable to the unlawful conduct he alleges . . . Valles does not qualify for an exception under section 1915(g) and must pay the filing fee . . . to proceed with this action.").

DATED December 19, 2022.

BY THE COURT:

JUDGE JILL N. PARRISH
United States District Court